COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Annunziata and Senior Judge Cole


ELIZABETH MAE AYERS
                                    MEMORANDUM OPINION*
v.    Record No. 1236-00-3               PER CURIAM
                                     NOVEMBER 28, 2000
WHITE'S CONSTRUCTION COMPANY, INC. AND
 ERIE INSURANCE EXCHANGE


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        (Tonja M. Roberts, on brief), for appellant.

        (Mary Beth Nash; Monica L. Taylor; Gentry,
        Locke, Rakes & Moore, on brief), for
        appellees.


     Elizabeth Mae Ayers (claimant) contends that the Workers'

Compensation Commission erred in granting employer's application

and terminating her compensation benefits as of June 7, 1999 on

the ground that she was capable of returning to her pre-injury

work without restrictions.  Upon reviewing the record and briefs

of the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  See

Rule 5A:27.

     "General principles of workman's compensation law provide

that '[i]n an application for review of any award on the ground of

change in condition, the burden is on the party alleging such

_____
        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)). Factual findings made by the commission will be upheld on appeal if supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In granting employer's application, the commission found as follows:

> Dr. [Robert] Price's May 12 and June 4, 1999 reports clearly establish that the claimant was able to return to unrestricted work. . . .
>
> On the other hand, even though he recommends an MRI study of the lumbar spine, Dr. [H. Michael] Jaffin's reports reveal virtually no evidence of work incapacity, except for the claimant's subjective complaints. On August 31, 1999, x-rays of the lumbar spine and pelvis performed for Dr. Jaffin revealed no abnormalities. Also, Dr. Jaffin reported on October 11, 1999 that EMG and nerve conduction studies performed one week earlier were interpreted as normal. Even more significant are Dr. Jaffin's objective findings during examinations on August 31 and October 11, 1999. The examinations reportedly revealed no deformity of the lumbar spine, no tenderness, a normal gait, normal toe and heel walk, and normal range of motion of the lumbar spine. Finally, Dr. Jaffin does not in either of his reports indicate that the claimant is in any way unable to work, even though she complains of continued symptoms. Thus, Dr. Price's report that the claimant

-

can return to unrestricted work is uncontradicted.

As fact finder, the commission was entitled to weigh the medical evidence and to accept the opinion of Dr. Price, claimant's treating physician. Dr. Price's medical reports and opinions constitute credible evidence to support the commission's finding that claimant was able to return to her pre-injury work without restrictions. Accordingly, that finding is binding and conclusive upon us on appeal. See id.

For the reasons stated, we affirm the commission's decision.

Affirmed.

-